# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### June 17, 2014 Session

## ERIC HOLMES v. SHELBY COUNTY SHERIFF'S OFFICE, ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH1218602      Arnold B. Goldin, Judge**

_____

### No. W2013-02349-COA-R3-CV - Filed August 8, 2014

_____

The order appealed is not a final judgment and therefore, we dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3, Appeal as of Right; Appeal Dismissed.**

DONALD E. PARISH, SP. J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P. J., M.S., and J. STEVEN STAFFORD, J., joined.

Martin W. Zummach, Germantown, Tennessee, for the Appellant, Shelby County Government.

John A. Irvine, Jr., Memphis, Tennessee, for the Appellee, Eric Holmes.

### MEMORANDUM OPINION[1]

_____

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The Appellee, Eric Holmes, was an employee of the Shelby County Sheriff's Office. A complaint as to his conduct was made. An internal investigation was conducted which resulted in formal charges being lodged against him for violating sheriff's department policy. Mr. Holmes was found by his superiors to have breached four policies involving "personal conduct", "courtesy", "truthfulness" and "off duty employment". Mr. Holmes was then terminated. Mr. Holmes appealed this finding to the Shelby County Civil Service Merit Board which conducted a lengthy hearing and upheld the termination. He then appealed that decision to the Chancery Court of Shelby County. The Court found that there was no substantial or material evidence which supported the findings of the Civil Service Merit Board as to a violation of the rules relative to off duty employment or truthfulness. However, the Court found that the findings of the Civil Service Merit Board did not fully address the allegations relative to personal conduct and courtesy. The Court entered an *Order Reversing In Part, And Remanding In Part, Decision Of Shelby County Civil Service Merit Board* dated and filed September 27, 2013. Therein, the Court remanded this case to the Civil Service Merit Board for findings as to the charges relative to personal conduct and courtesy. The record does not indicate that any action was ever taken on these two remanded issues. The September 27, 2013, *Order* stated that it was <u>not</u> a final order pursuant to Rule 54 of the Tennessee Rules of Civil Procedure. On January 2, 2014, another order was filed and entered styled *Amended Order Reversing, In Part, And Remanding, In Part, Decision Of Shelby County Civil Service Merit Board*, which stated that, contrary to the expressed language of the order of September 27, 2013, it was a final order.

Pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, we have reviewed the record in order to determine whether this Court has subject matter jurisdiction to hear this case. It appears to the Court that it does not have jurisdiction because there are two issues which were not resolved by the trial court and which were, in fact, remanded by the trial court for further findings by the civil service board.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple claims are involved in a suit, as is true here, an order which adjudicates fewer than all the claims is not final and is not appealable. See: <u>Bayberry Assoc. v. Jones</u>, 783 S.W.2d 553 (Tenn. 1990). The *Amended Order* cannot operate to change the obvious fact that the trial court has not resolved all the issues. For this reason, this Court does not have jurisdiction and this appeal must be dismissed.

## CONCLUSION

The appeal is dismissed without prejudice and the case is remanded to the trial court for further proceedings which are consistent with this Opinion. The costs of this appeal are taxed one-half to the Appellate, Shelby County Government and one-half to the Appellee, Eric Holmes.

_____

DONALD E. PARISH, SPECIAL JUDGE